IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. ROPER, | ) | CASE NO. 5:15CV02193 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHRISTOPHER LaROSE, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | **(Doc. Nos. 1, 4)** |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Robert D. Roper ("Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case CR 12 09 2618 in Summit County Court of Common Pleas. For the following reasons, the undersigned recommends that the Petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Petitioner's conviction as follows:

> {¶ 2} Mr. Roper lived with his girlfriend, Doris Smith, her six-year-old daughter, M.S., and her twin two-year-old sons. In September of 2011, M.S. disclosed to her mother that Mr. Roper forced her to perform fellatio on him. M.S. was interviewed by a social worker from the CARE (Children at Risk Evaluation) team at Akron Children's Hospital and medically evaluated. M.S. told the interviewer that Mr. Roper "tortur[ed]" her by making her perform fellatio on him four times over four sequential days when she was five years old and in kindergarten.
>
> {¶ 3} On September 12, 2012, the Grand Jury indicted Mr. Roper on one count of rape in violation of Revised Code Section 2907 .02(A)(1)(b). A jury convicted him, and he was sentenced to life in prison without the possibility of parole.

(Doc. No. 4-1 (hereinafter "Tr.") at 72-73; *State v. Roper*, 2014-Ohio-4786)

## II. Procedural History

**A.     Trial Court Proceedings**

In September 2012, a Summit County Grand Jury charged Petitioner with one count of Rape in violation of Ohio Rev. Code § 2907.02(A)(1)(B). (Tr. 3). At the arraignment, Petitioner, appearing without Counsel, stood mute, and the court entered a technical plea of not guilty. (Tr. 4).

A jury trial commenced on June 3, 2013, and Petitioner was represented by counsel. (Tr. 5). On June 5, 2013, the jury found Petitioner guilty of Rape. (Tr. 5-7). The trial court conducted a sentencing hearing on July 3, 2013, and Petitioner was sentenced to life imprisonment without the possibility of parole. (Tr. 8).

**B.     Direct Appeal**

On July 26, 2013, Petitioner, through counsel, filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District ("state appellate court"). (Tr. 11). In his appellate brief, Petitioner raised the following assignments of error:

I.     Appellant incurred plain error by the denial of due process and the right to confrontation under the U.S. Constitution and Ohio Constitution because the only fact witness against him was incompetent to testify about events from three years or more from the date of the trial.

II.    The trial court erred by denying the Criminal Rule 29 motion for insufficient evidence

III.   The jury verdict is against the manifest weight of evidence because the defendant's witness demonstrate that the allegations against him were not proven beyond a reasonable doubt.

IV.    The trial court abused its discretion in imposing a sentence of life imprisonment without the possibility of parole.

V.     It was plain error for the trial court to impose a no contact order due to the defendant already incurring a prison sentence in the case.

(Tr. 13-14). The State filed a brief in response. (Tr. 43).

On October 29, 2014, the state appellate court affirmed Petitioner's conviction and prison sentence. (Tr. 72).

On December 12, 2014, Petitioner timely filed a Notice of Appeal with the Supreme Court of Ohio. (Tr. 97). In his Memorandum in Support of Jurisdiction, Plaintiff raised one Proposition of Law:

I.     The Confrontation Clause and the Due Process Clause of the Constitutions of Ohio and the United States are violated when the sole source of direct evidence against a defendant is an eight year old witness testifying about conduct that allegedly occurred three years earlier.

(Tr. 99). The State waived its response. (Tr. 124). On February 18, 2015, the Supreme Court of Ohio declined jurisdiction of the appeal pursuant to S.Ct. Prac. R. 7.08(B)(4). (Tr. 125)

C.      **Certified Conflict**

On October 30, 2014, Petitioner through counsel filed a motion to certify conflict as to whether "a trial court [may] impose a no contact order on a defendant who has also been sentenced to a term of incarceration[.]" (Tr. 86). On November 24, 2014, the state appellate court granted Petitioner's motion to certify that a conflict of law existed. (Tr. 95-96). The Ohio Supreme Court accepted jurisdiction and, *sua sponte*, ordered that the case be held for the decision in Supreme Court Case No. 2014-0674, *State of Ohio v. David M. Anderson*, and the briefing schedule was stayed. (Tr. 163). Petitioner filed a motion to remand or in the alternative to lift the stay on briefing. (Tr. 177). On August 25, 2015, the Ohio Supreme Court ordered the judgment of the court of appeals reversed, and "the trial court's order vacated on the authority of *State v. Anderson*, Slip Opinion No. 2015-Ohio-2089."[1] (Tr. 180).

---

[1]     Based on the record provided by Respondent, it is not evident that Petitioner was resentenced following the issuance of the Supreme Court order vacating the trial court's order "on the authority of *State v. Anderson* . . . ." (Tr. 180). In *Anderson*, the Ohio Supreme Court held that a court cannot impose a prison term and a community control sanction (such as a no-contact order) for the same offense. *State v. Anderson*, 2015-Ohio-2089, 35 N.E.3d 512, 518 (Ohio 2015). Accordingly, because both had been imposed, the court vacated the no-contact order. *Id.* Thus, Respondent indicates that, based on this case law, only "the no-contact order portion of [Petitioner Roper's] sentence was vacated." (Doc. No. 4 at 4).

**F.     Federal Habeas Petition**

On September 13, 2015,[2] Petitioner filed a Petition for Writ of Habeas Corpus in this Court and asserted two grounds for relief:

> **Ground One:** Petitioner's rights under the Confrontation Clause of the Sixth Amendment and Due Process Rights under the U.S. Const. were violated.
>
> **Supporting Facts:** The sole source of direct evidence against petitioner was the testimony of an eight year old witness about conduct that allegedly occurred three years earlier. Petitioner challenges the reliability of the testimony of the eight year old witness, and contends that she was influenced by her mother, who had a history of mental health issues and hatred of petitioner.
>
> **Ground Two:** Petitioner's right to Due Process under the Fifth Amendment to the U.S. Const. was violated when there was insufficient evidence to support his conviction
>
> **Supporting Facts:** There was no physical evidence connecting Petitioner to the alleged offense. The only direct evidence presented was the testimony of an eight year old girl over conduct that allegedly occurred three years earlier. The other principle witness was victim's mother, who had a history of mental health issues and reason to fabricate the allegations against Petitioner

(Doc. No. 1).

On January 3, 2016, Respondent filed his Return of Writ. (Doc. No. 4). To date, Petitioner has not filed a traverse.

### III.  Exhaustion and Procedural Default

**A.     Legal Standard**

A petitioner must exhaust his state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the

---

[2]     Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until October 23, 2015, Petitioner states that he placed it in the prison mailing system on September 13, 2015. (Doc. No. 1 at 13.) Thus, the Court will consider the Petition as filed on September 13, 2015.

highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of a procedurally defaulted claim, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[3] *Id.*

---

[3] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

6

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A

7

petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

**B.     Application to Petitioner**

**1. Ground One**

In Ground One, Petitioner contends that his rights under the Due Process and Confrontation Clauses of the U.S. Constitution were violated. In support, Petitioner asserts that

> the sole source of direct evidence against Petitioner was the testimony of an eight year old witness about conduct that allegedly occurred three years earlier. Petitioner challenges the reliability of the testimony of the eight year old witness, and contends that she was influenced by her mother, who had a history of mental health issues and hatred of Petitioner.

(Doc. No. 1 at 5).

Respondent maintains, and the Court agrees, that insofar as this claim challenges the reliability of the victim's testimony or her competence to testify due to her age and the amount time between the incident and her testimony, the claim is procedurally defaulted, as Petitioner failed to comply with Ohio's contemporaneous objection rule. Under Ohio law, a failure to contemporaneously object to an issue at trial amounts to "a waiver of any claim of error relative thereto." *State v. Long*, 53 Ohio St. 2d 91, 97, 372 N.E.2d 804, 808 (1978).

When evaluating a procedural default based on a failure to comply with a state procedural rule, the Court looks to the *Maupin* factors described *supra*. First, it is undisputed that Petitioner did not comply with the state procedural rule. In his state court appeal brief, Petitioner acknowledged that he did not object to the reliability of the victim's testimony at trial, and he specifically sought plain error review. (Tr. 23-24). Second, upon review of the state court of appeals decision, it is evident that the contemporaneous objection rule was enforced. (Tr. 73-75). Although the state appellate court engaged in a plain error review, it is well-settled that "[p]lain error analysis . . . is not equivalent to a review of the merits." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006) (plain error review enforces rather than waives procedural default rules); *see also State v. Smith*, 89 Ohio St.3d 323, 731 N.E.2d 645, 655 (2000) (explaining that, under Ohio's "contemporaneous objection" rule, an appellant who fails to object waives later review of the issue unless he shows plain error). Third, the Sixth Circuit has established that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground." *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.2001); Therefore, unless Petitioner can demonstrate cause and prejudice for the failure to object at trial, his first claim is procedurally defaulted.

Further, insofar as Petitioner's Confrontation Clause and Due Process claim is based on the allegation that the victim "was influenced by her mother, who had a history of mental health issues and hatred of the petitioner," it is also procedurally defaulted. Petitioner failed to fairly present this issue to both the intermediate court of appeals and the Ohio Supreme Court. (Doc. No. 4 at 10). At the court of appeals, Petitioner argued that given the victim's alleged credibility problems, the evidence was insufficient to support his conviction. (Tr. 27). However, he did not

10

specifically allege that his rights under the Due Process or Confrontation Clauses were violated based on the claim that the victim's testimony was influenced by her mother.

It is well-settled that "[f]air presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). "This includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Id.* at 414 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990)). In the present case, Petitioner raised the issue of the victim's mother's influence in his jurisdictional statement to the Ohio Supreme Court (See Doc. 4-1 at 99-108), but he did not raise it in the intermediate state court of appeals. Therefore, Petitioner's claim was not fairly presented to the state courts. Accordingly, because no remedy remains in the state system, Petitioner's Ground One is procedurally defaulted. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("[i]f no remedy exists, and the substance of the claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in state courts." *Id.*

**2. Ground Two**

In Ground Two, Petitioner maintains that in light of the victim's credibility issues at trial, the evidence was insufficient to support his conviction. While Petitioner raised this claim before the intermediate court of appeals (Tr. 13), he did not present it to the Ohio Supreme Court. As such, because Petitioner failed to raise and pursue this claim through a full round of Ohio's "ordinary appellate review procedures," the claim is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

11

### 3. Cause and Prejudice / Actual Innocence

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. In the present case, Petitioner asserts no argument to demonstrate the existence of either cause or prejudice, and based on the Court's independent review of the record it is not evident that Petitioner could make the requisite showing.

Further, Petitioner has not established the existence of facts to satisfy the actual innocence exception. Actual innocence is a narrow, and rarely successful, exception. *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011). It requires that a petitioner demonstrate his factual innocence, "not mere legal insufficiency." *Bell v. Howes*, 703 F.3d 848, 854 (6th Cir. 2012). "To raise the claim, a petitioner must present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* at 855 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner has not argued or offered any evidence that he is actually innocent of crime of which he was convicted.

Accordingly, the Court concludes that Petitioner has failed to overcome procedural default with respect to his Confrontation Clause, Due Process, and sufficiency of the evidence claims.

### IV. Review on the Merits

Assuming *in arguendo* that Petitioner could overcome procedural default, the Court concludes, as discussed below, that his claims have no merit.

**A.     Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court. *See Parker v. Matthews*, 132 S. Ct. 2148, 2012 WL 2076341, *6 (U.S. Jun. 11, 2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Shimel v. Warren,* — F.3d ----, 2016 WL 5299883 at * 7 (6th Cir. Sept. 22, 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 2012 WL 2076341, *6; *Howes v. Walker*, 132 S.Ct. 2741, 2012 WL 508160 (2012). *See also Lopez v. Smith*, ––– U.S. ––––, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal

13

rule that this Court has not announced.' " (quoting *Marshall v. Rodgers*, ––– U.S. ––––, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. *See also Shimel*, –– F.3d -----, 2016 WL 5219883 at * 7. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Williams v. Taylor,* 529 U.S. at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the

14

reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### B. Ground One

Petitioner alleges that his rights under the Due Process and Confrontation Clauses of the United States Constitution were violated because "the sole source of direct evidence against [him] [was] an eight year old witness testifying about conduct that allegedly occurred three years earlier." (Doc. 1 at 5). As noted above, the state appellate court evaluated this claim for plain error and did not review it on the merits. Without a relevant merits decision or reasoning by the state courts, "any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Thus, the Court must "'exercise [its] independent judgment' and review the claim *de novo*." *Id.* (quoting *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir.2002). Further, because Petitioner did not submit a traverse, the Court must rely largely on prior counsel's arguments as set forth in the state

15

appellate brief. On *de novo* review, the Court concludes that Plaintiff's Ground One is meritless.

"The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990). This is a procedural guarantee. *Crawford v. Washington*, 541 U.S. 36, 61 (2004). The Confrontation and Due Process Clauses "command[ ], not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Id.* They "guarantee an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). It provides that a witness will testify under oath, "this impressing him with the seriousness of the matter;" that the witness will be subjected to cross-examination, "the greatest legal engine ever invented for the discovery of truth;" and that the jury will be able to see the witness's demeanor, which helps them determine credibility. *Craig*, 497 U.S. at 845-46 (internal quotations omitted).

To support his claim, Petitioner's prior counsel references Eighth Circuit authority for the idea that

> simply putting a child on the stand, regardless of her mental maturity, is not sufficient to eliminate all Confrontation Clause concerns. If, for example, a child is so young that she cannot be cross-examined at all, or if she is "simply too young and too frightened to be subjected to a thorough direct or cross-examination[,]" the fact that she is physically present in the courtroom should not, in and of itself, satisfy the demands of the Clause.

*United States v. Spotted War Bonnet*, 933 F.2d 1471, 1474 (8th Cir. 1991) (internal citation omitted). However, on habeas review, this Court evaluates the decisions of the state courts with reference to "clearly established Federal law, as determined by the Supreme Court." As noted

16

above, it is well-settled that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 2012 WL 2076341, *6. Thus, the Eighth Circuit authority cited by Petitioner's prior counsel is irrelevant to the Court's inquiry.

In any event, Petitioner does not establish either a Due Process or Confrontation Clause violation. There is no question that Petitioner had the opportunity to cross-examine the victim. Further, Petitioner conceded that the trial court properly conducted a competency hearing of the victim pursuant to Ohio Rule of Evidence 601 and that the victim was competent to testify. Yet, despite the concession, prior counsel claimed it was "virtually impossible to cross-examine an eight year old about what may or may not have occurred when they were five years of age." (Tr. 24). Essentially, the argument is that although she was competent at the time of trial, the victim was incompetent at the time of the alleged rape.

The Court concludes this conclusory assertion is unsupported by any recognized authority or specific facts that would demonstrate that cross examination was so ineffective that the Constitution was violated. Prior counsel only noted that a social worker has testified that "there is a danger" in interviewing a child "multiple times by multiple individuals" about claims of sexual abuse. (Doc. No. 4-1 at 25). While it is evident that the victim in this case was interviewed by four individuals, Petitioner fails to establish that these facts alone somehow violated his guarantee of effective cross-examination. *See United States v. Owens*, 484 U.S. 554, 558 (1988) (a perfectly satisfactory cross-examination is not required by the Clause). In addition, insofar as Petitioner alleges that his rights under the Confrontation Clause were violated because the victim's testimony was unreliable, that claim is rejected as well. As noted above, the Confrontation Clause does not guarantee that evidence will be reliable, but that

reliability be assessed through effective cross-examination. *Crawford*, *supra*, 541 U.S. at 61.

The Court accordingly concludes that Plaintiff's Ground One has no merit.

### C. Ground Two

In Ground Two, Petitioner maintains the evidence was insufficient to support his conviction. In support, Petitioner asserts the following:

> There was no physical evidence connecting Petitioner to the alleged offense. The only direct evidence presented was the testimony of an eight year old girl over conduct that allegedly occurred three years earlier. The other principle witness was victim's mother, who had a history of mental health issues and reason to fabricate the allegations against Petitioner

(Doc. No. 1 at 6).

Upon review, assuming that Petitioner could overcome the procedural default described above, the Court concludes that Petitioner's sufficiency of the evidence challenge fails as a matter of law. When reviewing a sufficiency of the evidence claim, the Court must view the evidence in the light most favorable to the prosecution, and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court does not "weigh the evidence, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir.1993). Second, "even were [the Court] to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *See* 28 U.S.C. § 2254(d)(2).

18

In the present case, the state appellate court addressed the sufficiency of the evidence as follows:

> {¶11} Mr. Roper was charged with rape under Revised Code Section 2907.02(A)(l)(b). This section provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(l)(b). "Sexual conduct" includes fellatio. R.C. 2907.01(A).
>
> {¶12} [M.S.] testified that she was five years old and in kindergarten when Mr. Roper "put his private in [her] mouth." This happened once per day for more than one day according to M.S. All the incidents occurred in Mr. Roper's bedroom, with the exception of one incident that occurred in Ms. Smith's bedroom, while her mother was at work. M.S. reported that, during each occurrence, he locked the bedroom door.
>
> {¶13} Mr. Roper maintains that [M.S.] was not credible due to the passage of time between her disclosure in 2011 and his trial in 2013 in addition to the influence Ms. Smith had over her daughter. He further challenges Ms. Smith's veracity given the parties' tumultuous relationship and the fact that she practiced the "black arts" as a form of prayer. Mr. Roper's arguments, however, question the witnesses' credibility and the weight of the evidence rather than its sufficiency. Upon review of the record, this Court concludes that there was sufficient evidence to support his rape conviction. Mr. Roper's second assignment of error is overruled.

(Doc. 4-1 at ) (internal citations omitted).

This Court concludes, consistent with the state appellate court, that Petitioner's sufficiency claim is without merit. First, Petitioner's argument that the evidence was insufficient because of the lack of physical evidence is without legal basis. *See O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir.2007) (victim's testimony alone sufficient even though not corroborated by other witnesses or physical evidence); *See also United States v. Bieghler*, 198 Fed. Appx. 566, 568 (8th Cir. 2006) ("'[F]orensic evidence' is not required for conviction."). Second, Petitioner's claim also lacks merit with respect to his assertion that the victim's testimony was unreliable. As noted above, on a sufficiency challenge, the Court does not weigh the evidence or assess the credibility of trial witnesses. Instead, the Court views all the evidence in favor of the

prosecution and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Accordingly, because Petitioner's sufficiency claim is founded on the credibility of the victim and her mother, it fails as a matter of law.

## V. Conclusion

For the foregoing reasons, it is recommended that the Petition be DENIED.


Date: September 5, 2017         *s/Jonathan D. Greenberg*
                                Jonathan D. Greenberg
                                United States Magistrate Judge


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**